# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JEREL LAMAR WRIGHT,<br><br>    Petitioner,<br><br>vs.<br><br>ROBERT JOHNSON[1], Warden of the<br>Fort Dodge Correctional Facility,<br><br>    Respondent. | No. C15-3103-LTS<br><br>**ORDER** |

This matter is before me on a Report and Recommendation (Doc. No. 42) in which the Honorable C.J. Williams, Chief United States Magistrate Judge, recommends that petitioner Jerel Lamar Wright's petition (Doc. No. 1) for relief pursuant to 28 U.S.C. § 2254 be dismissed with prejudice. Neither party has filed objections. The time for filing such objections has expired.

## I.    STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also

---

[1] Robert Johnson is substituted for his predecessor, James McKinney, in accordance with Federal Rule of Civil Procedure 25(d).

receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## II.  THE R&R

### A. *Procedural History and Facts*

Judge Williams set out the following relevant facts as previously summarized by the Iowa Court of Appeals:

> On or about September 7, 2009, Wright was involved in a street fight. Two of the participants were stabbed. Der[r]ick Tye was hospitalized as a result of his injuries. Jermaris Lorez West died as a result of the injuries he sustained. Wright was immediately arrested and taken

> into custody. Wright initially exercised his right to remain silent in response to law enforcement efforts to interrogate him. He was permitted to call his mother, and she told him to tell the officers what he had done. He responded accordingly and admitted stabbing Tye and indicated he had tried to kill him but did not admit to stabbing West. Wright was charged with the attempted murder of Tye and the second-degree murder of West. His statements were admitted into evidence at trial.
>
> While Wright was incarcerated in the Dubuque County Jail he was visited by Sister Rosanna Gleason, acting as a chaplain or chaplain's assistant to the residents of the jail. Wright wrote a letter in which he admitted stabbing Tye and put it in an envelope which he gave to a jailer for delivery to Sister Gleason. The letter did not admit that he stabbed West. The letter was opened by the jail staff and admitted into evidence at trial.
>
> Neither Wright's admissions to the interrogators nor his letter to his assistant chaplain were challenged by a motion to suppress, and both were admitted at trial without objection. Wright and his counsel had determined that he would testify. The evidence was overwhelming that he had stabbed Tye and substantial that he had stabbed West. The blade of the knife recovered at the scene had blood with DNA matching both Tye and West. Wright was found guilty of attempted murder as charged and voluntary manslaughter instead of murder in the second degree. Wright appealed and raised the issue of ineffective assistance of counsel, but the issue was not addressed on appeal and was left open to be considered in a postconviction relief action.

See Doc. No. 49 at 2-4 (quoting *Wright v. State*, No. 12-2101, 2014 WL 636150, at *1 (Iowa Ct. App. Feb. 19, 2014)).

As for the procedural history, Wright asserted ineffective assistance of counsel claims on direct appeal based on (1) his counsel's failure to file a motion to suppress his statements to the police and (2) his counsel's failure to file a motion to suppress the statements in his letter to Sister Gleason. The Iowa Court of Appeals found there was not a sufficient record on which to address those claims and preserved them for post-conviction relief (PCR).

Wright raised the same two claims of ineffective assistance of counsel in his state PCR petition. The district court held a hearing and Wright's trial counsel testified. The district court denied his claims and the Iowa Court of Appeals affirmed. Wright filed an application for further review, which was denied. He then filed a pro se petition in this court alleging ineffective assistance of counsel based on the same two grounds, along with two additional grounds (failure to advise Wright not to testify and failure to raise a justification defense). *See* Doc. No. 1. He was appointed counsel and his counsel filed a motion (Doc. No. 22) to amend the petition to proceed only on the first two grounds. The motion was granted. *See* Doc. No. 23.

Judge Williams considered each claim separately and recommended that Wright's petition be dismissed. *See* Doc. No. 42.

B. *Applicable Standards*

Judge Williams set out the correct standards regarding Section 2254 habeas relief. In short, "[t]he writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011). "As amended by [the Antiterrorism and Effective Death Penalty Act of 1996] AEDPA, 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). 28 U.S.C. § 2254(a) provides that a federal court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. A federal court's review of a state court decision under § 2254 is deferential. *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). A state court decision on the merits should not be overturned unless it:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was

4

based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Considering the merits of habeas claims, the Eighth Circuit has stated that:

> The "contrary to" clause and "unreasonable application" clause of § 2254(d)(1) have "independent meaning." *See Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The "contrary to" clause "suggests that the state court's decision must be substantially different from the relevant precedent of [the Supreme] Court." *Id*. (listing "diametrically different," "opposite in character or nature," or "mutually opposed" as definitions of "contrary"). An "unreasonable application" of Supreme Court precedent occurs when a state court correctly identifies the governing legal standard but either unreasonably applies it to the facts of the particular case or unreasonably extends or refuses to extend the legal standard to a new context. *See id*. at 407, 120 S.Ct. 1495. In determining whether the state court unreasonably applied Supreme Court precedent, our inquiry is an objective one. *See id*. at 409–10, 120 S.Ct. 1495

*Munt v. Grandlienard*, 829 F.3d 610, 614 (8th Cir. 2016), *cert. denied*, 137 S. Ct. 821 (2017).

28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has "exhausted the remedies available in the courts of the State."

> "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178–79, 121 S. Ct. 2120, 150 L.Ed.2d 251 (2001). The requirement prevents a federal court from granting a habeas petition based on a constitutional violation that could be redressed adequately by pursuing an avenue of state relief "still open to the habeas applicant at the time he files his application in federal court." *Humphrey v. Cady*, 405 U.S. 504, 516, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972) (citing *Fay v. Noia*, 372 U.S. 391, 435, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963)).

*Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011). Under Iowa's system, a petitioner must first file a PCR petition in the Iowa District Court. If that petition is denied, then:

> a party wishing to appeal a ruling of an Iowa district court may appeal to the supreme court. Iowa R.App. P. 6.1(1) (2007); *see Effler*, 769 N.W.2d at 883. The supreme court may then choose to transfer any case (except a case in which state law grants that court exclusive jurisdiction) to the court of appeals. Iowa Code §§ 602.4102(2), 5103(3); Iowa R.App. P. 6.401(1) (2007); *see Effler*, 769 N.W.2d at 883. "Once a transfer has been made, the supreme court no longer has jurisdiction of the matter, unless a party seeks further review of the court of appeals decision." *Effler*, 769 N.W.2d at 883; see Iowa Code § 602.4102(2). The supreme court regains jurisdiction only if it grants an application for further review. *Effler*, 769 N.W.2d at 883; Iowa Code § 602.4102(2), (4); see Iowa R.App. P. 6.402 (2007). Nothing in Iowa law indicates that an application for further review in the supreme court is an extraordinary measure outside of the state's established appellate review process. *Cf. Akins v. Kenney*, 410 F.3d 451, 454 (8th Cir. 2005) (analyzing Nebraska's appellate review process); Dixon, 263 F.3d at 779 (analyzing Missouri's appellate review process). Therefore, an Iowa prisoner whose appeal is deflected to the Iowa Court of Appeals must file an application for further review in the Supreme Court of Iowa to exhaust his claims properly in the state courts.

*Welch v. Lund*, 616 F.3d 756, 758–59 (8th Cir. 2010).

Many habeas appeals raise claims of ineffective assistance of counsel under the well-known *Strickland* standard. For a petitioner to succeed in an ineffective assistance of counsel claim, the federal court must find that a state court's application of [*Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] was unreasonable in order to grant habeas relief. *Richter*, 562 U.S. at 101. This is a highly deferential inquiry because "[a] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id*. "Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*.

6

at 105. Therefore, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102 (citing *Lockyer v. Andrade*, 538 U.S. 63 (2003)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652 (2004)).

The petitioner bears the burden of showing that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Richter*, 562 U.S. at 103. "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979) (Stevens, J., concurring in judgment)).

### C. *Judge Williams' Recommendations*

Judge Williams began his discussion noting that Wright alleged his trial counsel was ineffective because she failed to: (1) file a motion to suppress the statements Wright gave to police, (2) file a motion to suppress the letter he sent to Sister Gleason, (3) advise Wright not to testify and (4) present a justification defense. He analyzed the first three grounds and found that the fourth ground had been waived. As noted above, however, the third and fourth grounds have been withdrawn by Wright's counsel. *See* Doc. No. 23. Therefore, I will discuss Judge Williams' findings only with regard to grounds one and two.

#### 1. *Motion to Suppress Statements to Police*

Judge Williams first discussed Wright's trial counsel's testimony at the state PCR hearing. Counsel testified that she thought Wright's *Miranda* rights had been violated at the time he made the statements to police, but that the statements were voluntary and

7

could be used to impeach him on cross-examination if he chose to testify. In his statements, Wright had denied stabbing West (who died and was the basis for the second-degree murder charge) but admitted stabbing Tye, whom he intended to kill (the basis for the attempted murder charge). She believed Wright's testimony was essential to challenge the second-degree murder charge, but explained to Wright that this would hurt his chances on the attempted murder charge because the state would be able to use his statements against him. She thought Wright would make a good witness and that the only way to negate the intent element of the second-degree murder charge was to have Wright testify.

After researching and weighing the different options, Wright's trial counsel testified she made the strategic decision not to file a motion to suppress because once Wright testified, the state could introduce his statements to impeach him. She did not specifically recall discussing whether to file a motion to suppress with Wright, but believed she did and said it would have been her practice to do so. Wright chose to testify at his trial. He was convicted of the lesser-included offense of voluntary manslaughter on the second-degree murder charge.

Judge Williams then discussed the Iowa Court of Appeals PCR ruling, which affirmed the district court's denial of both ineffective assistance of counsel claims. He noted that the court presumed that even if Wright's *Miranda* rights were violated, his statements would have been admissible as impeachment evidence. *Wright*, 2014 WL 636150, at *2 (citing *State v. Davis*, 328 N.W.2d 301, 303 (Iowa 1982)). The court credited trial counsel's testimony that she made a strategic decision to forego the motion to suppress and have Wright testify. The court also found that Wright could not establish prejudice because the evidence would have come before the jury "one way or another." *Id.* at *3.

Judge Williams reviewed the claim under the doubly deferential standard of review and could not "conclude that the state court unreasonably applied federal law or

unreasonably found facts from the evidence when it rejected [Wright's] claim that his trial counsel was ineffective." Doc. No. 42 at 11. He agreed that Wright's statements would be admissible as impeachment evidence even if they were obtained in violation of *Miranda*. Therefore, he concluded "[i]t was not objectively unreasonable . . . for the Iowa Court of Appeals to conclude that trial counsel was not ineffective for deciding not to move to suppress Petitioner's statement[s] when they would have been admissible to impeach his testimony in any event." *Id.*[2]

With regard to the prejudice prong, Judge Williams concluded Wright could not "demonstrate that the outcome of the case would have been different had trial counsel successfully moved to suppress his statements." *Id*. at 13. For instance, he made no showing that his trial testimony was not inconsistent with the statements he made to police, and therefore, could not have been used for impeachment or that the jury would have decided the case differently had they been told the statements could only be considered for purposes of impeachment and not substantive evidence of Wright's guilt. *Id*. Judge Williams cited the Iowa Court of Appeals' findings that the evidence was overwhelming that Wright had stabbed Tye.[3] He also noted that the admission of Wright's statements regarding West did not cause prejudice as to the second-degree murder charge because Wright's statements regarding West were not incriminating.

---

[2] Judge Williams did note that counsel could have moved to suppress the statements to prohibit the state from using them in its case-in-chief as opposed to solely impeachment evidence. In other words, had the statements been suppressed under *Miranda*, their use for impeachment would have been limited to that purpose only and defendant would have been entitled to an appropriate limiting instruction. The statements could not have been used to prove Wright's guilt. *Id*. at 12. Nonetheless, Judge Williams noted that *Strickland* does not guarantee the right to perfect counsel and found that Wright's counsel made a reasonably competent strategy call that did not amount to defective performance. *Id*.

[3] The Iowa Court of Appeals cited evidence that the knife recovered at the scene had blood with DNA matching Tye and West. *See Wright*, 2014 WL 636150, at *1.

Therefore, he concluded the Iowa Court of Appeals did not err in finding Wright was not prejudiced by the admission of his statements to the police.

### 2. *Motion to Suppress Statements to Sister Gleason*

Judge Williams then considered Wright's claim that his trial counsel should have moved to suppress the statements in his letter to Sister Gleason because the communication was privileged. Wright gave the letter to jail staff to give to Sister Gleason, but staff instead opened and read the letter. *Id.* at 14. Wright admitted in the letter that he had stabbed Tye, but denied that he had intended to kill anyone. *Id.* Similar to his statements to police, trial counsel testified that she believed the statements in the letter were helpful in some aspects and harmful in others. Therefore, she testified she made a "tactical decision" not to file a motion to suppress the letter.

Judge Williams noted that the Iowa courts found that the letter would have been admissible even if counsel had filed a motion to suppress. The district court found it was not intended to be confidential and that receipt of the letter was not part of Sister Gleason's duties. *Id.* (citing Doc. No. 25-8 at 106). The Iowa Court of Appeals found that Wright waived any privilege when he testified. *Id.* (citing *Wright*, 2014 WL 636150, at *3). Judge Williams noted that because these decisions did not involve the application of federal law, they are not subject to review. *Id.*

With regard to whether counsel's failure to file a motion to suppress the letter amounted to ineffective assistance of counsel, Judge Williams stated that it was unclear whether the Iowa Court of Appeals made an explicit determination on that point. *Id.* at 15. However, he did explain that the court found that admission of the letter was "part of what turned out to be partially successful trial strategy" and that the evidence would have come before the jury one way or another because Wright chose to testify. *Id.* Thus, Judge Williams concluded that these findings impliedly addressed the *Strickland* factors. *Id.*

Based on his own review of the record, Judge Williams concluded that trial counsel's decision not to object to the admission of the letter was strategic because there was as much to gain from its admission as there was to lose. *Id.* He also found Wright had not demonstrated prejudice because, as with his statements to police, the letter was exculpatory as to West and the evidence regarding Tye's stabbing was overwhelming, even without the letter. *Id.* Therefore, he concluded that the Iowa courts did not err in concluding that trial counsel's failure to move to suppress the letter did not amount to ineffective assistance of counsel.

### III. DISCUSSION

As noted above, the parties did not object to the R&R. Therefore, I have reviewed it for clear error. Judge Williams applied the appropriate legal standards in considering whether the Iowa Court of Appeals' decision was contrary to, or involved an unreasonable application of, clearly established federal law in evaluating Wright's ineffective assistance of counsel claims. I find no error in his recommendation. However, as noted above, I find that consideration of grounds three and four is unnecessary as Wright previously withdrew those claims. *See* Doc. No. 23. Therefore, I adopt the R&R with regard only to grounds one and two.

### IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability may be granted only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 881 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable

jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Thus, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In considering these standards, I find that Wright has failed to make the necessary showing to receive a certificate of appealability with regard to any of his claims. Thus, no such certificate will issue.

### V. CONCLUSION

For the reasons set forth herein:

1. I **accept** Chief United States Magistrate Judge Williams' report and recommendation (Doc. No. 42), without modification, with regard to the ineffective assistance of counsel claims set forth in grounds one and two. *See* 28 U.S.C. § 636(b)(1).

2. I find that grounds three and four, as initially asserted in Wright's pro se petition, have been withdrawn. *See* Doc. No. 23.

3. Pursuant to Judge Williams' recommendation, Wright's application (Doc. No. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby **dismissed with prejudice.**

4. A certificate of appealability will **not issue**. If Wright desires further review of his application for writ of habeas corpus, he may request the issuance of a certificate of appealability by a judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

**DATED** this 26th day of October, 2017.

                                                                                     _____
                                                                                         Leonard T. Strand, Chief Judge